NO. 07-05-0160-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 10, 2006


______________________________



ROWDY RAY POWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15638-0408; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Rowdy Ray Powell brings this appeal to challenge his conviction for
possession of methamphetamine and punishment of 180 days confinement, suspended
in favor of three years community supervision and a $2,000 fine, which was not
suspended. By a single issue, he questions whether the trial court abused its discretion
in denying his motion to suppress because his consent to search was not voluntary. We
affirm. 

 Trooper Jerry Johnson was the only witness to testify at the suppression hearing.
He testified appellant was stopped for speeding and an expired registration sticker. Prior
to running a driver's license check on appellant, Johnson notified him he would be issuing
a warning for the violations. According to Johnson, after running a check, he re-approached appellant's vehicle and detected a faint odor of marihuana. He asked
appellant to exit the vehicle. Appellant complied and was asked to consent to a search of
the vehicle. He hesitated and indicated there was no reason to search because there was
nothing illegal in the vehicle. Appellant was non-responsive to a second request, and
following a third request, he replied, "go ahead." 

 A search of the interior of the vehicle revealed marihuana in the center console, a
glass crack pipe in the rear seat, and a purple Crown Royal bag containing a white
powder. (1) Appellant was placed in handcuffs for officer safety, but was informed he was
not under arrest. Johnson asked appellant if he had anything illegal in his pockets, and
after answering in the negative, appellant consented to a search of his pants pockets. 
Johnson found a fuse and unscrewed the lid to reveal a small clear plastic bag containing
a white powder. A field test confirmed the powder was methamphetamine. Appellant was
placed under arrest for possession of a controlled substance.

 Standard of Review


 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. 
Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). As a general rule, this court
should afford almost total deference to a trial court's determination of historical facts that
the record supports especially when the trial court's fact findings are based on an
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997) (en banc). See also Montanez v. State, 195 S.W.3d 101, 106-08
(Tex.Crim.App. 2006).

 At a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ballard, 987
S.W.2d 889, 891 (Tex.Crim.App. 1999). The trial court may believe or disbelieve all or any
part of a witness's testimony, even if that testimony is uncontroverted. State v. Ross, 32
S.W.3d 853, 855 (Tex.Crim.App. 2000) (en banc). Where, as here, the trial court fails to
file findings of fact, we view the evidence in the light most favorable to the trial court's ruling
and assume the trial court made implicit findings of fact that support its ruling as long as
those findings are supported by the record. Id.

 Appellant bases his sole challenge to the trial court's denial of his motion to
suppress on involuntary consent. Relying on Reasor v. State, 12 S.W.3d 813
(Tex.Crim.App. 2000), he maintains that under the totality of the circumstances, his
consent was coerced. We disagree.

 Under the Fourth and Fourteenth Amendments, a warrantless search is per se
unreasonable subject only to a few specifically established and well-delineated exceptions. 
Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). 
One of those exceptions is a search conducted pursuant to consent. Id. (citing Davis v.
United States, 328 U.S. 582, 593-94, 66 S.Ct. 1256, 90 L.Ed. 2d 1453 (1946)). For
consent to be valid, it must be voluntary and not the result of duress or coercion. See
Reasor, 12 S.W.3d at 817. Consent must be shown to be positive and unequivocal and
is not established by "showing no more than acquiescence to a claim of lawful authority." 
See Carmouche v. State, 10 S.W.3d 323, 331 (Tex.Crim.App. 2000). 

 The State is required to prove the voluntariness of consent by clear and convincing
evidence. Reasor, 12 S.W.3d at 818. Whether consent is voluntary is a question of fact
to be determined from the totality of the circumstances. Meeks v. State, 692 S.W.2d 504,
509 (Tex.Crim.App. 1985) (en banc).

 At the suppression hearing, Trooper Johnson was questioned in detail about his
requests of appellant for consent to search his vehicle. The trooper testified that he asked
appellant for consent to search the vehicle three times because appellant neither refused
nor consented when first asked. He recalled that appellant then responded "go ahead." 
Regarding the search of appellant's pants pockets, Johnson testified appellant consented. 
On cross-examination, Johnson explained that he did not interpret appellant's comment
that there was no need to search the vehicle as a refusal and asked for consent until
appellant responded. 

 We initially note that neither appellant's nor the State's brief distinguishes between
consent to search the vehicle and consent to search appellant's pants pockets. The
methamphetamine was found in the pocket, not the vehicle. That issue aside, we do not
agree that the circumstances presented in this record indicate appellant's consent for
either search was the product of duress or coercion, or was otherwise involuntary. 
Applying the proper standard of review, and affording the proper deference to the trial
court, Montanez, 195 S.W.3d at 106-08, we find no abuse of discretion in its denial of
appellant's motion to suppress. (2) Appellant's sole issue is overruled.

 The trial court's judgment is affirmed.




 

 James T. Campbell

 Justice



Do not publish.
1. A field test disclosed the content of the purple bag was not a controlled substance.
2. The State further contends his detection of the odor of marihuana gave Trooper
Johnson probable cause for a search of appellant's vehicle. We do not reach that
contention.



 STYLE="font-size: 10pt"> As to the second prong mentioned in Hawkins, i.e. the measures adopted to cure
the conduct, we note that the trial court overruled appellant's objection. So, when the error
occurred, there were no measures taken to lessen the impact of the mistake. More
importantly, and as acknowledged by the Court of Criminal Appeals, the decision to
overrule the objection may well have been seen by the jurors as judicial approval of the
mistake. Good v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1987). And, while the trial
court admonished the jury, via its written charge, against considering how the laws
concerning good time and parole related to appellant, we cannot say with any assurance
that the jury heeded the admonition. Again, after hearing the trial court conceivably
approve the State's argument by overruling appellant's objection, the jury specifically asked
the court about the length of time appellant actually served when previously sentenced to
prison. The latter question certainly suggests that the jurors were considering the
possibility of early release due to parole and good time despite the instruction. This same
question, when coupled with the timing of the error, also renders uncertain the likelihood
that the same sentence would have been levied if the argument had not been made.
Admittedly, appellant had prior convictions and the offense at issue involved the presence
of juveniles. Those indicia alone may well have justified a maximum sentence. Yet, the
jury asked about the amount of time appellant served with regard to a prior sentence. As
mentioned above, that is evidence of it considering how parole and good time may affect
whatever punishment it may levy upon appellant. So, in short, we have grave reservations
about whether the trial court cured the prejudice emanating from the mistake and the
likelihood that the same sentence would have been assessed irrespective of the argument.

 Finally, as to the State's contention that the instruction contained in the jury charge
relating to parole and good time caused the harm in and of itself, we find it of no succor. 
Informing the jurors about parole and good time and then directing them to forego applying
those factors to the sentence they are determining is akin to placing chocolate in one's
mouth and then being told not to chew it. Yes, one can spit it out, but the taste still lingers. 
So, one can wonder if the charge itself caused harm. Yet, the legislature has spoken on
the matter and informed all that jurors are not to consider parole and good time in the way
the jury probably did here. We cannot nullify that edict when the circumstances evince that
those topics were indeed factored into the sentence. 

 In sum, the trial court erred in overruling appellant's objection to the jury argument. 
Furthermore, the record does not permit us to conclude that appellant's substantial rights
went uninfluenced by the error. Consequently, we deem the error harmful, reverse that
portion of the judgment levying sentence upon appellant, and remand the cause for a new
punishment hearing. 

 

 Brian Quinn 

 Chief Justice 

Publish. 

 
1. Appellant's first appointed counsel filed an Anders brief. In his pro se response, one of the issues
raised by appellant concerned the propriety of the State's argument. Having concluded that there was an
arguable ground for appeal on that question, we abated the cause for the appointment of new counsel. The
trial court appointed new counsel, and the latter filed the brief upon which we act.